Judge Robertson,
delivered the opinion of the Court.
The only question which it is necessary to decide in this case, is, whether a creditor who has a fieri facias against the estate of his debtor, is guilty of a trespass, by entering on land in the possession of the debtor, for the purpose of assisting the officer to levy the execution, on the growing crop, and afterward entering, to bid at the sale of the crop, before it is ripe or is secured. A fieri facias may be levied on a growing crop; it is a chattel. It is ufructus industriaefi which goes to the executor, II. Tidd’s Pra. 917. Gil. Executor, 19. I. Salk. 368. II. Bl. Com. 428. Toller, 204.
Corn growing, passes to the devisee of the per' sonal property, and not to the devisee of the land. Toller, 204. Swin. 933. It passes by parol tract. Roberts on Frauds, 126. Noble vs. Smith, et al. II. Johnson’s Rep. 52. I. Ld. Raym. 182. Bul. Ni. Pri. 34.
Denny, for plaintiffs
Consequently, although it may be inconsistent, and injurious, to sell growing corn, and therefore, the practice is to wait after the levy, until it shall be gathered; yet the legal right to sell it before it shall gathered, results from its personal character, and the right to levy on it. See Tidd. 91, and Whipple vs. Foote. II. Johnson’s Rep. 422. The argument 'incon'Denienti,” applies no more to this case, than it would to the mere right, to sell any thing else which is immature; asa colt or a pig.
The creditor therefore, is not a trespasser, by entering with the sheriff, to levy and to sell; nor for directing the sale, and purchasing the crop, if the process be regular, the judgment valid, and the sale fair, as they all seem to have been in this case.
Wherefore, as in this case, the court decided according to this opinion; the judgment of the circuit court is affirmed.